ORSON WILLIAMS v. STATE.

178 So. 299.
Division A.
Opinion Filed January 14, 1938.

*L. D. McGregor,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—The mandate having been recalled, this case is before us on petition for rehearing.

In the petition for rehearing it is contended that under a

supplemental stipulation between counsel and certificate of the trial judge we were called upon to determine whether or not the lower court violated the statute, Section 6092 R. G. S., 8397 C. G. L., in that the following transpired during the course of the trial:

"That the jury went into the jury room and remained in the jury room for some time, afterwards returned to the Court. Whereupon the following proceedings occurred, to-wit:

" 'JURYMAN (to the Court): We want to decide the law on a vote of mercy. We want the exact law on that.'

" 'BY THE COURT (orally): The law is this: The Statute provides that whoever is convicted of a capital offense and recommended to the mercy of the Court by a majority of the jury in their verdict shall be sentenced to imprisonment for life. Do you understand now?'

" 'JURYMAN: I understand a majority, but in case of a tie?'

" 'BY THE COURT (orally): It requires a majority. It says: "Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury"; a majority must recommend to the Court according to the law. Is that what information you gentlemen wish?'

" 'BY JURYMAN: If there was a tie then what is the law?

" 'BY THE COURT (orally): The law says it requires a majority of the jury or seven out of the twelve, of course. "Whoever is convicted of a capital offense and recommended to the mercy of the Court shall be sentenced to imprisonment for life"; in the event a majority, seven out of the twelve in this case recommends to the mercy of the Court, then instead of capital punishment being inflicted under the law the sentence is imprisonment for life.'

" 'BY JURYMAN: What we are trying to get at, in the event of no majority.'

630

" 'BY THE COURT (orally): In the event of no majority, then, of course, there can be no recommendation for mercy. If that furnishes you gentlemen with the information you desire you may retire.' "

The certificate of the trial judge as to the foregoing matter is sufficient to warrant its consideration as a part of the bill of exceptions, but our view is that this showing does not establish the fact that the Circuit Judge so violated the provisions of Section 6092 R. G. S., 8397 C. G. L., as to commit a reversible error in this regard. The statements complained of made orally by the court to the jury constitute mere explanations of some of the written instructions which had been given the jury by the court before they retired to their jury room and did neither add to nor take from any of the force or effect of such written instructions.

Therefore, if the trial court committed error, the error was a harmless one and cannot be construed to militate against the substantial rights of the defendant.

The petition for rehearing should be, and is, denied.

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.